The opinion of the court was delivered by
Manning, C. J.
The plaintiff was required to pay the State and parish licenses for keeping a retail store, wherein goods, wares, and merchandise were sold. The process sued out here is an injunction -restraining the tax collector from enforcing the payment of the sums *973 demanded for licenses, and is grounded on the alleged fact that the plaintiff is not a retail dealer or storekeeper, in the proper and statutory sense, but keeps such articles of merchandise only as are needed by the labourers on his sugar plantation, and sells them to those labourers alone, and not to the general public.
The proof is, that the plaintiff is not a merchant or ‘storekeeper,’' as these words are used in common parlance, but a planter, and manufacturer, on a large scale, employing over a hundred laborers — that he does not traffic as a merchant, and does not sell to, nor invite the public to buy from him — that he did make the experiment in 1876 of keeping an open and licensed store, but found it prejudicial to his employees, and destructive of order and discipline, and consequently abandoned it— that he has since supplied himself with the wares the labourers usually need, and these are delivered to them when needed, and the cost price with some small per centage added, is charged to the labourer and deducted from his wages, and that no one but the employees on the place are permitted to buy, or do buy.
• On the other hand it may be urged, that selling to any one by retail brings the party thus selling within the meaning of the term, retail dealer, and that at two sessions of the General Assembly there has been a legislative interpretation of the meaning of that designation — first in 1866, when that body deemed necessary a special exemption of planters from paying the license of a retail merchant when they sold exclusively to their employees, (Acts 1866, p. 236) and again in 1868 when that exemption was repealed. Acts 1868, p. 119.
No doubt the first act was intended as a legislative declaration that planters, who sold to none but their employees, were not legitimately included within the designation, ‘ retail dealers’, and the second act was intended to deprive the planters, who thus sold, of the benefit of that declaration. But the question is a judicial one now, that the designation of. a class appears in the revenue act, without any explanatory or qualifying interpretation elsewhere.
The^ordinance of the police jury uses the words ‘each and every trade store, wherein goods, etc. are sold at wholesale and retail’, and the tax collector exacts the license as due from a storekeeper selling general merchandise.
A person whose business or avocation is that of planter or manufacturer, and who keeps in store only such goods and wares as his em-. ployees require, and who sells to them alone and not to the general public and who sells, not as a retail dealer does, exclusively for the profit, but only as an advance to his labourers and an incident to his main business, and to promote its better administration, is not a retail dealer within the meaning of the revenue act, and the tax or license; *974 imposed upon that class of persons by that act is not legally demandable from him.
It is in proof in this case that the plaintiff pays taxes upon an assessment of valuable property, including the sum employed as capital in trade, and under the proof before us in this record, he is not liable to the tax, the payment of which was refused.
The judgment is erroneous, and it is ordered and decreed that it is •reversed, and the injunction is perpetuated at defendant’s costs.